UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK LEVESQUE, CHRISTIE DECKER, MICHAEL PLATT, SYLVIA KRAININ, and SALLY TRUSSELL,<br><br>   Plaintiffs<br> v.<br><br>CENTRAL MAINE POWER COMPANY, AVANGRID, INC., DOUGLAS HERLING, and IBERDROLA, S.A.<br><br>   Defendants | DOCKET NO. 2:19-cv-389-JDL |

## PLAINTIFFS' CONSENTED-TO MOTION TO STAY ALL DEADLINES AND REQUEST FOR SCHEDULING CONFERENCE WITH THE COURT

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Plaintiffs Mark Levesque, et al., hereby move to stay all deadlines in this case, including deadlines for filing any outstanding responses to the complaint and deadlines for responding to the previously filed motion to dismiss, until such time as the Court first rules on the Defendants Central Maine Power Company ("CMP") and Avangrid, Inc.'s ("Avangrid") motion to extend stay pending resolution of Public Utility Commission ("PUC") Investigation. Plaintiffs further move the Court to schedule a conference to discuss scheduling and how best to address the pending motions to dismiss and to stay, as well as any anticipated motions to dismiss. Counsel for the Defendants CMP, Avangrid, Douglas Herling ("Herling")_and Iberdrola, S.A. ("Iberdrola"),[1] consent to this motion.

---

[1] To be clear, by consenting to this motion, Iberdrola does not waive, and specifically preserves, any and all defenses presently available to it, including but not limited to the Court's lack of personal jurisdiction over Iberdrola.

11465304.1

**BACKGROUND AND MEMORANDUM OF LAW IN SUPPORT OF MOTION**

In brief, this case was originally initiated by a complaint filed in the Maine Superior Court, Cumberland County, on or about July 19, 2018. An amended complaint was subsequently filed on August 15, 2018, adding parties and claims. On February 25, 2019, the Maine Superior Court (*M. Murphy, J.*) entered an order staying all proceedings in the matter pending resolution of the PUC's investigation of CMP. Plaintiffs moved for reconsideration of that order, which motion was denied, but the Superior Court granted Plaintiffs' motion for leave to file a motion to amend their complaint, which motion was subsequently granted on July 30, 2019. The second amended complaint was docketed the same day. The second amended complaint added additional parties and theories of liability, including a new claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961,*et seq.*

On August 23, 2019, CMP and Avangrid filed a notice of removal of this case from Maine Superior Court to the United States District Court for the District of Maine, based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 1). This Court subsequently set a deadline of September 30, 2019, for CMP and Avangrid to respond to Plaintiffs' second amended complaint. CMP and Avangrid filed a motion to dismiss on September 30, 2019, with Plaintiffs' response to that motion due on October 21, 2019. (ECF No. 23).  CMP and Avangrid subsequently filed a motion to extend the stay pending resolution of the PUC investigation, with Plaintiffs' response to that motion due on October 24, 2019. (ECF No. 24).

It is anticipated that, in the absence of a stay, Defendants Douglas Herling and Iberdrola would file motions to dismiss on the deadlines set by the Court for their responses to the complaint, which currently are October 28 and November 12, respectively. Given that a

2

11465304.1

decision on the motion to stay, filed by CMP and Avangrid, could have an impact on the pending motion to dismiss and anticipated motions to dismiss by Herling and Iberdrola (subject to Iberdrola's reservation at note 1, *supra*), Plaintiffs and Defendants, including counsel for Herling and Iberdrola, agree that it makes sense for the Court to (1) stay all current pending deadlines (i.e. Plaintiffs' deadline to respond to CMP and Avangrid's motion to dismiss and Herling's and Iberdrola's deadlines for filing responses to the complaint), (2) first decide CMP and Avangrid's pending motion to stay proceedings pending resolution of the PUC investigation, and then (3) establish a new schedule for further responsive pleading and/or briefing. Whether the Court grants CMP and Avangrid's motion to stay proceedings until the PUC completes its investigation of CMP or not, the parties agree that it makes sense to confer with the Court and establish a schedule for responding to the pending motions, including Plaintiffs' October 21 response to CMP and Avangrid's motion to dismiss.

The U.S. Supreme Court has made it clear "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This Court has applied *Clinton* as recently as last year. *Anctil v. Fitzpatrick*, No. 1:16-cv-00107, 2018 U.S. Dist. LEXIS 199066, *2 (D. Me. June 28, 2018). "Generally, in evaluating whether to issue a stay, a court will consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy." *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009).

In this case, all non-moving parties consent to Plaintiffs' motion to stay deadlines pending resolution of CMP and Avangrid's motion to extend the stay granted in the underlying Superior Court action. More importantly, in part as a matter of judicial economy, the Plaintiffs seek a stay of all deadlines in an effort to address the motions before the Court in the most

efficient and orderly manner possible. Moreover, there will be no prejudice to Defendants Herling and Iberdrola (*see* note 1, *supra*), since they have not yet filed responses to the complaint, and have consented to this motion.  If the Court grants the motion to stay all proceedings pending resolution of the PUC investigation, as CMP and Avangrid have urged, then the deadlines for Herling's and Iberdrola's responses will be stayed. Therefore, it makes sense to resolve first CMP and Avangrid's motion to extend stay of all proceeding pending resolution of the PUC investigation and then establish a new comprehensive schedule for filing responsive pleadings by Herling and Iberdrola, along with a new deadline for Plaintiffs to oppose all anticipated motions to dismiss at the same time. Such a schedule will obviate the need for Plaintiffs to respond serially to multiple motions to dismiss, which will likely address the same or similar issues, and will be more efficient and effective.

Dated at Portland, Maine, this 17th day of October, 2019.

Respectfully submitted,

/s/ Philip M. Coffin III
Philip M. Coffin III
Abigail C. Varga
Jeffrey D. Russell
Caitlin Wahrer
Lambert Coffin
One Canal Plaza, Suite 400
PO Box 15215
Portland, Maine 04101
pcoffin@lambertcoffin.com
avarga@lambertcoffin.com
jrussell@lambertcoffin.com
cwahrer@lambertcoffin.com

James E. Belleau
Trafton, Matzen, Belleau & Frenette, LLP
10 Minot Avenue
Auburn, Maine 04212-0470
207-784-4531
JBelleau@TMBF-law.com

4

        Sumner H. Lipman
        Law Offices of Sumner Lipman, LLC
        PO Box 836
        Scarborough, Maine 04070
        207-806-5006
        SumnerLipman@gmail.com

        *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 17, 2019, I caused a copy of the foregoing to be served by way of the ECF system, which will send notice of such filing to all counsel of record.

    DATED at Portland, Maine this 17th day of October, 2019.

/s/ Philip M. Coffin III
Philip M. Coffin III
Abigail C. Varga
Jeffrey D. Russell
Caitlin Wahrer
Lambert Coffin
One Canal Plaza, Suite 400
PO Box 15215
Portland, Maine 04101
pcoffin@lambertcoffin.com
avarga@lambertcoffin.com
jrussell@lambertcoffin.com
cwahrer@lambertcoffin.com


James E. Belleau
Trafton, Matzen, Belleau & Frenette, LLP
10 Minot Avenue
Auburn, Maine 04212-0470
207-784-4531
JBelleau@TMBF-law.com


Sumner H. Lipman
Law Offices of Sumner Lipman, LLC
PO Box 836
Scarborough, Maine 04070
207-806-5006
SumnerLipman@gmail.com

*Counsel for Plaintiffs*