UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK LEVESQUE, et al.,            ) | |
| )                              | |
| Plaintiffs     ) | |
| )                              | |
| v.                                )    | 2:19-cv-00389-JDL |
| )                              | |
| IBERDROLA, S.A., et al.,        ) | |
| )                              | |
| Defendants   ) | |

**ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO TAKE DEPOSITIONS**

Plaintiffs seek leave to take the depositions of three former employees of Defendant Avangrid, Inc. as part of the jurisdictional discovery authorized by the Court. (Motion for Leave, ECF No. 110.) Plaintiffs maintain the individuals "will be able to provide essential information to the Court in determining the extent of Iberdrola, S.A.'s contacts in Maine for purposes of assessing whether to exercise personal jurisdiction over Iberdrola." Defendants Iberdrola, S.A. ("Iberdrola"), Central Maine Power, Avangrid, and Douglas Herling oppose Plaintiffs' motion. (Oppositions, ECF Nos. 112, 113.)

**A.     Procedural Background**

In July 2020,[1] the Court ordered Iberdrola "to file its motion to dismiss for lack of personal jurisdiction," reasoning that the "motion would define [Iberdrola's] jurisdictional challenge and permit an assessment of [the scope of permissible jurisdictional discovery] in the context of [Iberdrola's] argument [on jurisdiction.]" (Order on Discovery Issues,

---

[1] The Court's July 16, 2020, Order followed Plaintiff's request for a hearing regarding personal jurisdiction discovery and a telephonic conference with the parties on July 7, 2020.

ECF No. 75.)[2]  On August 7, 2020, Iberdrola filed its motion to dismiss for lack of personal jurisdiction.[3] (Motion to Dismiss, ECF No. 84.)  Following an August 13, 2020 telephonic conference with the parties, the Court authorized additional jurisdictional discovery, which required Iberdrola to produce certain documents and to identify "Defendant's officers, executives, representatives and employees, who, to Defendant's knowledge, traveled to Maine from October 1, 2014 through December 31, 2018."

On October 1, 2020, Plaintiffs requested a discovery hearing regarding the "production of additional documents from CMP, and additional 'custodians' for document production."  After a telephonic conference with counsel, the Court ordered that "on or before October 16, 2020, Defendant Iberdrola, S.A., shall file a report that states (1) the time necessary to search its records for the additional search term discussed (and its derivatives) using the current custodians, and (2) the time necessary to obtain and any logistical impediments to obtaining the items required to conduct a search with an additional custodian (Fernando Lucero)."  (Order on Discovery Issues, ECF No. 97.)[4]

The Court subsequently ordered that "on or before December 31, 2020, Defendant [Iberdrola] shall produce the following documents responsive to Plaintiffs' request for documents, subject to any privilege that Defendant might assert: (1) documents of the

---

[2] The Court had previously directed Iberdrola to "provide Plaintiffs with the factual bases for its personal jurisdiction challenge" to permit the parties to engage in discovery on the jurisdictional issue.  (Procedural Order at 2, ECF No. 35.)

[3] Iberdrola also moved to dismiss Plaintiffs' complaint for failure to state a claim.

[4] On October 16, 2020, Iberdrola informed the Court that it would "take approximately two weeks to review, prepare, and produce any new, responsive, non-privileged documents uncovered through use of the new search terms" and that it would "likely [] take anywhere from 45 to 60 days" to produce the documents related to custodian Lucero.  (Report on Discovery Issues at 1-2, ECF No. 99.)

current custodians using the six additional search terms identified in Defendant's report to the Court, and (2) documents of one additional custodian (Fernando Lucero) using the original search terms and the six additional search terms identified in Defendant's report to the Court." (Order on Discovery Issues, ECF No. 103.)

On December 11, 2020, Plaintiffs notified the Court that they had received the documents pursuant to the Court's order and that "[a] second 'supplemental' production [of documents] was concurrently made in response to the Plaintiffs' earlier requests for production of documents." (Notice of Receipt, ECF No. 106.) Plaintiffs moved to extend the deadline to respond to Iberdrola's motion to dismiss because the documents produced consisted of more than 8,000 pages. (Motion to Extend, ECF No. 107.) The Court granted Plaintiffs' request. (Order, ECF No. 109.)

**B.     Plaintiffs' Motion for Leave to Take Depositions**

On December 17, 2020, Plaintiffs moved for leave to take the depositions of three former Avangrid employees. (Motion, ECF No. 110.) Plaintiffs contend that they "have learned of additional material information concerning Iberdrola's role in SmartCare and its control over CMP and Avangrid, as well as the identity of witnesses who can testify about the same" and that "[t]he information possessed by these individuals is highly relevant to the Court's exercise of personal jurisdiction as to Iberdrola." (*Id.* at 1.) Iberdrola argues that it "has engaged in extensive discovery that exceeds any reasonable definition of the 'modicum' of discovery to which Plaintiffs may be entitled." (Opposition at 5.)

## DISCUSSION

"A district court generally retains 'broad discretion in determining whether to grant jurisdictional discovery.'" *Blair v. City of Worcester*, 522 F.3d 105, 110 (1st Cir. 2008) (footnote omitted) (quoting *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 626 (1st Cir. 2001)).  "The threshold for limited jurisdictional discovery is 'relatively low.'" *Plixer Int'l, Inc. v. Scrutinizer Gmbh*, No. 2:16-CV-578-DBH, 2017 U.S. Dist. LEXIS 68742, at *2 (D. Me. May 5, 2017) (quoting *Blair*, 522 F.3d at 111).  The First Circuit has "long held that 'a diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of in personam jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense.'" *Swiss Am. Bank*, 274 F.3d at 625 (quoting *Sunview Condominium Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964 (1st Cir. 1997)).  In addition to making a colorable claim, "a plaintiff must be diligent in preserving his rights to be entitled to jurisdictional discovery," which includes "the obligation to present facts to the court which show why jurisdiction would be found if discovery were permitted." *Id.* at 626 (citation omitted); s*ee Me. Med. Ctr. v. United States*, 675 F.3d 110, 119 (1st Cir. 2012) ("[I]n analyzing a demand for jurisdictional discovery, we have repeatedly emphasized the importance of a plaintiff's diligence.").

In considering a request for jurisdictional discovery, the Court must also look to the general scope of discovery as permitted by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26(b); *see also Greer v. Carlson*, 1:20-cv-05484 (LTS) (SDA), 2020 U.S. Dist. LEXIS 190499, at *15 (S.D.N.Y Oct. 14, 2020) ("In determining the scope of the limited

jurisdictional discovery to permit, the Court is mindful of the need for proportionality; that is, the discovery permitted must be proportional to the current needs of the case."); *Beatport v. SoundCloud*, CV 19-847 MRW, 2019 U.S. Dist. LEXIS 208388, *6 (C.D. Ca. Apr. 11, 2019) ("As with other types of discovery jurisdictional discovery requests must comply with the broad parameters of Federal Rule of Civil Procedure 26.").

Here, the Court previously determined that Plaintiffs were entitled to some limited jurisdictional discovery.  The issue is whether Plaintiffs have been afforded the "modicum" of jurisdictional discovery permitted.  The Court has permitted a significant amount of jurisdictional discovery, including an expansion of the scope of the discovery initially authorized.  Through discovery, Plaintiffs evidently have obtained information upon which they can rely to contest Iberdrola's challenge to jurisdiction. That is, in their motion, Plaintiffs assert that they have learned of "material information" regarding Iberdrola's role in the SmartCare project. (Motion at 1.) While the requested depositions might confirm the information, because Plaintiffs are aware of the material information, Plaintiffs can presumably present the information as part of their response to Iberdrola's jurisdictional challenge.[5]

Jurisdictional discovery, when permitted, is intended to be limited.  The record reflects the Court has permitted Plaintiffs reasonable discovery under the circumstances.  The Court, therefore, will not authorize further jurisdictional discovery.

---

[5] If Defendants challenge the use of the information on foundation grounds, and Plaintiffs believe they could establish the necessary foundation through the depositions, Plaintiffs can renew their request to take the depositions.

5

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiffs' motion for leave to conduct depositions.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison<br>U.S. Magistrate Judge

Dated this 15th day of January, 2021.