**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| MARK LEVESQUE, CHRISTIE DECKER, MICHAEL PLATT, SYLVIA KRAININ, and SALLY TRUSSELL<br><br>               Plaintiffs<br><br>    v.<br><br>CENTRAL MAINE POWER COMPANY, AVANGRID, INC., DOUGLAS HERLING, and IBERDROLA, S.A.<br><br>               Defendants | Case No. 2:19-cv-00389-NT |

**DEFENDANT CENTRAL MAINE POWER'S ANSWER TO PLAINTIFFS'**
**THIRD AMENDED COMPLAINT**

Defendant Central Maine Power Company ("CMP" or "Defendant") responds as follows to the allegations set forth in Plaintiffs' Third Amended Complaint ("Complaint"):

1.      Defendant admits that Plaintiffs so contend, but deny the substance of the factual allegations contained in Paragraph 1 of the Complaint.

2.      Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant admits that CMP is a transmission and distribution electric utility and has approximately 636,000 customers in an 11,000 square-mile service area in central and southern Maine.  Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4.      Defendant admits that it is a subsidiary of Avangrid Networks, Inc., which in turn is a wholly-owned subsidiary of Avangrid, Inc.  Defendant further admits that Avangrid, Inc. is a New York Corporation with a principal place of business in Connecticut, that Avangrid, Inc. is registered in Maine as a foreign corporation, and that it was formerly known as Iberdrola, USA, Inc., and Energy East Corporation.  Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Defendant admits that Iberdrola S.A. ("Iberdrola") is a corporation organized under the laws of Spain and that it owns shares of Avangrid's common stock.  Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint to the extent they imply any relationship other than a typical parent-subsidiary corporate relationship.

6.      Defendant admits that, beginning in or about 2011, CMP began using Smart Meters to measure and transmit some customers' electricity usage and that Smart Meters do not require in-person meter reads.  Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.      Defendant admits that in or about October 2017, CMP went operational with its

new integrated customer service and billing program referred to as the Customer Information System ("CIS") and also known as SmartCare.  Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.      Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.      Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.      Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.      Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.      Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.      Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.      Defendant admits that many of CMP's customers have elected to enroll in auto-pay, which deducts billed amounts from customers' financial accounts.  Defendant denies any remaining allegations contained in Paragraph 15 of the Complaint.

16.      Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.      Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.      Defendant admits that CMP has sent disconnection communications to some customers who fail to pay their bills.  Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19.      Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.      Defendant admits that Douglas Herling has issued statements to CMP customers. Defendant denies the characterization of the content of those statements to the extent inconsistent with the written statements.  Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the remaining contained in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant admits that Plaintiffs purport to bring such an action, but deny the factual allegations contained in Paragraph 26 of the Complaint and deny that Plaintiffs are entitled to any relief.

## **PARTIES**

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31.

32.     Defendant admits that Central Maine Power maintains offices located at 83 Edison Drive, Augusta, Maine.  Defendant denies the allegations contained in Paragraph 32 of the Complaint to the extent inconsistent with the foregoing.

33.     Defendant admits that Douglas Herling is an individual residing in Bowdoin, Maine.  Defendant denies the remaining allegations contained in Paragraph 33 of the Complaint.

34.     Defendant admits that Avangrid maintains offices located at 180 Marsh Hill Road, Orange, Connecticut.  Defendant denies the allegations contained in Paragraph 34 of the Complaint to the extent inconsistent with the foregoing.

35.     Defendant admits the allegations contained in Paragraph 35 of the Complaint.

## JURISDICTION AND VENUE

36.     Paragraph 36 of the Complaint states a legal conclusion to which no response is required.

37.     Paragraph 37 of the Complaint states a legal conclusion to which no response is required.

38.     Paragraph 38 of the Complaint states a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

39.     Defendant admits the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant admits the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant admits only that the document referenced in Paragraph 41 speaks for itself, and denies any allegations inconsistent therewith.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 43.

44.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53.

46.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

47.    Defendant admits only that the document referenced in Paragraph 47 speaks for itself, and denies any allegations inconsistent therewith.

48.    Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50.    Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.    Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.    Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.    Defendant admits only that the document referenced in Paragraph 53 speaks for itself, and denies any allegations inconsistent therewith.

54.    Defendant admits only that the document referenced in Paragraph 54 speaks for itself, and denies any allegations inconsistent therewith.

55.    Defendant admits the allegations contained in Paragraph 55 of the Complaint.

56.    Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.    Defendant admits only that the document referenced in Paragraph 57 speaks for itself, and denies any allegations inconsistent therewith.

58.     Defendant admits only that the graphic shown in Paragraph 58 speaks for itself, and denies any allegations inconsistent therewith.

59.     Defendant admits only that the document referenced in Paragraph 59 speaks for itself, and denies any allegations inconsistent therewith.

60.     Defendant admits only that the document referenced in Paragraph 60 speaks for itself, and denies any allegations inconsistent therewith.

61.     Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.     Defendant admits that in or about October 2017, CMP went operational with SmartCare.  Defendant denies the remaining allegations contained in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.     Defendant admits that a number of employees and teams across CMP and Avangrid were involved with CMP's rollout of SmartCare.  Defendant denies the remaining allegations contained in Paragraph 71 of the Complaint.

72.      Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.      Defendant denies the allegations set forth in Paragraph 73 of the Complaint.

74.      Defendant denies the allegations set forth in Paragraph 74 of the Complaint.

75.      Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.      Defendant admits that many CMP customers lost power as a result of a large storm on or about October 30, 2017.  Defendant denies the remaining allegations contained in Paragraph 76.

77.      Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.      Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79.      Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80.      Defendant admits that in the months subsequent to the rollout of SmartCare, CMP received calls from customers about various customer service and billing issues. Defendant denies the remaining allegations contained in Paragraph 80 of the Complaint.

81.      Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82.      Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83.      Defendant admits that it has at times sent notices of disconnection to customers that did not timely pay their bills.  Defendants denies the remaining allegations contained in Paragraph 83 of the Complaint, including any allegation that there were widespread inaccuracies in bills.

84.      Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85.      Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86.      Defendant admits that some customers' bills were delayed.  Defendant

8

denies the remaining allegations contained in Paragraph 86 of the Complaint.

87.     Defendant admits that some customers' bills were delayed.  Defendant denies the remaining allegations contained in Paragraph 86 of the Complaint.

88.     Defendant lacks knowledge or information sufficient to form a belief as to whether, for a short period following rollout of SmartCare, some customers were unable to fully access their online account.  Defendant denies the remaining allegations contained in Paragraph 88 of the Complaint.

89.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90.     Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.     Defendant admits that there have been isolated incidents over the years where monies have been withdrawn from customers' accounts in error.  Defendant denies the remaining allegations contained in Paragraph 91 of the Complaint.

92.     Defendant admits that it has made reasonable efforts to collect amounts validly due to it in accordance with regulatory requirements. Defendant denies the remaining allegations contained in Paragraph 92 of the Complaint.

93.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint.

94.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96.     Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97.     Defendant admits that customers contact CMP about various issues.  Defendant

denies the remaining allegations contained in Paragraph 97 of the Complaint.

98.      Defendant admits that the news article referenced in Paragraph 98 of the Complaint contains the quoted language.  Defendant denies the remaining allegations contained in Paragraph 98 of the Complaint.

99.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.

103.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

105.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint.

106.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107.      Defendant admits the allegations contained in Paragraph 107 of the Complaint.

108.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint

109.     Defendant admits that Ms. Kelsall transferred to Avangrid in 2018.  Defendant denies the remaining allegations contained in Paragraph 109 of the Complaint.

110.      Defendant admits only that the document referenced in Paragraph 110 speaks for itself, and denies any allegations inconsistent therewith.

111.     Defendant admits only that the document referenced in Paragraph 111 speaks for itself, and denies any allegations inconsistent therewith.

112.     Defendant admits only that the document referenced in Paragraph 112 speaks for itself, and denies any allegations inconsistent therewith.

113.     Defendant admits only that the document referenced in Paragraph 113 speaks for itself, and denies any allegations inconsistent therewith.

114.     Defendant denies the allegations contained in Paragraph 114 of the Complaint.

115.     Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116.     Defendant denies the allegations contained in Paragraph 116 of the Complaint to the extent inconsistent with Liberty's report of its findings.

117.     Defendant admits only that the document referenced in Paragraph 117 speaks for itself, and denies any allegations inconsistent therewith.

118.     Defendant denies the allegations contained in Paragraph 118 of the Complaint.

119.     Defendant admits only that the document referenced in Paragraph 119 speaks for itself, and denies any allegations inconsistent therewith.

120.     Defendant denies the allegations contained in Paragraph 120 of the Complaint.

121.     Defendant denies the allegations contained in Paragraph 121 of the Complaint.

122.     Defendant denies the allegations contained in Paragraph 122 of the Complaint.

11

123.     Defendant denies the allegations contained in Paragraph 123 of the Complaint.

## REPRESENTATIVE CLASS PLAINTIFFS

124.     Defendant denies the allegations contained in Paragraph 124 of the Complaint.

125.     Defendant admits that November and December 2017 bills were $407 and $421 respectively.  Defendant lacks knowledge or information sufficient to form a belief as to the amounts of "previous bills."

126.     Defendant admits that the amounts alleged for January 2018 through April 2018 are accurately stated.  Defendant further admits that it sent bills to Plaintiff Levesque for the months of June, July, August and September 2018.  Defendant lacks knowledge or information sufficient to form a belief as to what bills Plaintiff Levesque did or did not "receive."  Defendant denies the remaining allegations contained in Paragraph 126 of the Complaint.

127.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 127.

128.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 128.

129.     Defendant admits that Mark Levesque contacted CMP in early 2018. Defendant denies the characterization of the call to the extent it is inconsistent with the recording of the call. Defendant denies the remaining allegations contained in Paragraph 129 of the Complaint.

130.     Defendant admits only that the recorded phone call referenced in Paragraph 130 of the Complaint speaks for itself, and denies any allegations inconsistent therewith.

131.     Defendant denies the allegations contained in Paragraph 131 of the Complaint.

132.     Defendant admits only that the recorded phone call referenced in Paragraph 132 of the Complaint speaks for itself, and denies any allegations inconsistent therewith.

133.    Defendant admits that CMP represented to Mr. Levesque that his bills were accurate.  Defendant denies the remaining allegations contained in Paragraph 133 of the Complaint.

134.    Defendant denies the allegations contained in Paragraph 134 of the Complaint.

135.    Defendant denies the allegations contained in Paragraph 135 of the Complaint.

136.    Defendant denies the allegations contained in Paragraph 136 of the Complaint.

137.    Defendant denies the allegations contained in Paragraph 137 of the Complaint.

138.    Defendant denies the allegations contained in Paragraph 138 of the Complaint.

139.    Defendant denies the allegations contained in Paragraph 139 of the Complaint.

140.    Defendant denies the allegations contained in Paragraph 140 of the Complaint.

141.    Defendant denies the allegations contained in Paragraph 141 of the Complaint.

142.    Defendant denies the allegations contained in Paragraph 142 of the Complaint.

143.    Defendant denies the allegations contained in Paragraph 143 of the Complaint.

144.    Defendant admits that CMP represented to Mr. Levesque that his bills were accurate.  Defendant denies the remaining allegations contained in Paragraph 144 of the Complaint.

145.    Defendant denies the allegations contained in Paragraph 145 of the Complaint.

146.    Defendant denies the allegations contained in Paragraph 146 of the Complaint.

147.    Defendant denies the allegations contained in Paragraph 147 of the Complaint.

148.    Defendant admits that Plaintiff Levesque made a payment for $400 in February 2018.  Defendant denies the remaining allegations contained in Paragraph 148 of the Complaint.

149.    Defendant admits that Plaintiff Levesque made a payment for $400 in March

2018.  Defendant denies the remaining allegations contained in Paragraph 149 of the Complaint.

150.     Defendant admits that Plaintiff Levesque made a payment for $500 in April 2018.  Defendant denies the remaining allegations contained in Paragraph 150 of the Complaint.

151.     Defendant admits that Plaintiff Levesque made a payment for $400 in May 2018.  Defendant denies the remaining allegations contained in Paragraph 151 of the Complaint.

152.     Defendant admits that CMP sent disconnection notices to Mr. Levesque on or about March 27, 2018, and August 2, 2018.  Defendant denies the remaining allegations contained in Paragraph 152.

153.     Defendant admits that CMP sent disconnection notices to Mr. Levesque on or about March 27, 2018, and August 2, 2018.  Defendant further admits that it sent bills to Plaintiff Levesque for all twelve months of 2018.  Defendant lacks knowledge or information sufficient to form a belief as to what bills Plaintiff Levesque did or did not "receive."

154.     Defendant admits only that the documents referenced in Paragraph 154 speak for themselves, and denies any allegations inconsistent therewith.

155.     Defendant denies the allegations contained in Paragraph 155 of the Complaint.

156.     Defendant denies the allegations contained in Paragraph 156 of the Complaint.

157.     Defendant admits that Ms. Decker's September 2017 CMP bill was for $60.88. Defendant denies the remaining allegations contained in Paragraph 157.

158.     Defendant denies the allegations contained in Paragraph 158 of the Complaint.

159.    Defendant admits that it sent bills to Plaintiff Decker for the amounts alleged in Paragraph 159.

160.    Defendant denies the allegations set forth in Paragraph 160.

161.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 161.

162.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of "they used a propane stove both to cook and to heat water, and they did not use their hot tub (and had not done so in years)."  Defendant denies the remaining allegations contained in Paragraph 162 of the Complaint.

163.    Defendant denies the allegations contained in Paragraph 163 of the Complaint.

164.    Defendant denies the allegations contained in Paragraph 164 of the Complaint.

165.    Defendant denies the allegations contained in Paragraph 165 of the Complaint.

166.    Defendant denies the allegations contained in Paragraph 166 of the Complaint.

167.    Defendant denies the allegations contained in Paragraph 167 of the Complaint.

168.    Defendant denies the allegations contained in Paragraph 168 of the Complaint.

169.    Defendant denies the allegations contained in Paragraph 169 of the Complaint.

170.    Defendant admits that Ms. Decker paid her December 2017 bill in full. Defendant denies the remaining allegations contained in Paragraph 170 of the Complaint.

171.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 171 of the Complaint.

172.    Defendant admits that Ms. Decker paid her December 2017 CMP bill. Defendant denies the remaining allegations contained in Paragraph 172 of the Complaint.

173.    Defendant denies the allegations contained in Paragraph 173 of the Complaint

174.     Defendant denies the allegations contained in Paragraph 174 of the Complaint

175.     Defendant admits that Ms. Decker paid $200 towards her January and February 2018 CMP bills on or before February 28, 2018, that the balanced owed at the time of payment was greater than $200, and that the bills were accurate.  Defendant denies the remaining allegations contained in Paragraph 175 of the Complaint.

176.     Defendant admits that CMP sent Ms. Decker a disconnection notice on or about February 28, 2018.  CMP denies the remainder of the allegations to the extent inconsistent with the disconnection notice.

177.     Defendant denies the allegations contained in Paragraph 177 of the Complaint.

178.     Defendant admits that Ms. Decker contacted CMP about her February 2018 disconnection notice.  Defendant denies the allegations about the content of that call to the extent inconsistent with the recording of the call.

179.     Defendant admits only that the recorded phone call referenced in Paragraph 179 of the Complaint speaks for itself, and denies any allegations inconsistent therewith.

180.     Defendant admits only that the recorded phone call referenced in Paragraph 180 of the Complaint speaks for itself, and denies any allegations inconsistent therewith.

181.     Defendant denies the allegations contained in Paragraph 181 of the Complaint.

182.     Defendant denies the allegations contained in Paragraph 181 of the Complaint.

183.     Defendant admits that on or about March 20, 2018, CMP conducted testing of Ms. Decker's meter and informed her that it was accurately measuring her home's electrical usage.  Defendant denies any remaining allegations contained in Paragraph 183 of the Complaint.

184.     Defendant admits that Ms. Decker's May 2018 CMP bill was lower than her

March and April 2018 CMP bills.  Defendant denies the remaining allegations contained in Paragraph 184 of the Complaint.

185.     Defendant admits that Ms. Decker's June 2018 CMP bill was for $30.63. Defendant denies the remaining allegations contained in Paragraph 185 of the Complaint.

186.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 186.

187.     Defendant denies that Mr. Platt's bills "skyrocketed" following implementation of SmartCare.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 187 of the Complaint.

188.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 188 of the Complaint.

189.     Defendant admits that in or about December 2017, someone called CMP and made a $400 payment on Plaintiff Platt's account.  Defendant denies the remaining allegations contained in Paragraph 189 of the Complaint.

190.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 190 of the Complaint.

191.     Defendant admits that it did not send bills to Plaintiff Platt in the months of January, February, and March of 2018.  Defendant denies the remaining allegations contained in Paragraph 191 of the Complaint.

192.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 192 of the Complaint.

193.     Defendant admits that the phone call referenced in Paragraph 193 of the

Complaint occurred in June 2018 and that the recording speaks for itself, and denies any allegations inconsistent therewith.

194.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 194 of the Complaint.

195.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 195 of the Complaint.

196.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 196 of the Complaint.

197.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 197 of the Complaint.

198.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 198 of the Complaint.

199.    Defendant admits that since the conversation referenced in Paragraph 197 of the Complaint, Mr. Platt has contacted CMP.  Defendant denies the remaining allegations set forth in Paragraph 199 of the Complaint.

200.    Defendant admits only that the recorded phone call referenced in Paragraph 200 of the Complaint speaks for itself, and denies any allegations inconsistent therewith.

201.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 201 of the Complaint.

202.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 202 of the Complaint.

203.    Defendant admits that from January to June of 2016, Plaintiff Krainin's bills

ranged from approximately $16 - $41.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 203 of the Complaint.

204.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 204 of the Complaint.

205.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 205 of the Complaint.

206.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 206 of the Complaint.

207.     Defendant admits that in October 2016 Ms. Krainin's CMP bill was for $88.26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 207 of the Complaint.

208.     Defendant admits that during the winter of 2016 – 2017, Plaintiff Krainin's bills ranged from approximately $102.15 – 135.16.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 208 of the Complaint.

209.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 209 of the Complaint.

210.     Defendant admits that it sent a letter signed by Mr. Herling to Ms. Krainin. Defendant denies the allegations contained in Paragraph 210 of the Complaint to the extent inconsistent with the letter.

211.     Defendant admits that Ms. Krainin's CMP bill for February 2019 was $291.14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 211.

212.    Defendant admits that Ms. Krainin's CMP bill for March 2019 was $363.26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 212.

213.    Defendant denies the allegations contained in Paragraph 213.

214.    Defendant denies the allegations contained in Paragraph 214 of the Complaint.

215.    Defendant admits that on or about March 14, 2019, Mr. Krainin contacted CMP. CMP denies the allegations about that call to the extent inconsistent with the recording of the call.

216.    Defendant admits only that the recorded phone call referenced in Paragraph 216 of the Complaint speaks for itself, and denies any allegations inconsistent therewith.

217.    Defendant admits that Ms. Krainin had a phone call with CMP.  Defendant denies the characterization of that call to the extent inconsistent with the recording of the call.  Defendant admits that it scheduled a meter test for the specified time. Defendant denies the remaining allegations in Paragraph 217 of the Complaint.

218.    Defendant admits that on or about April 5, 2019, CMP sent a technician to Ms. Krainin's house.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 218 of the Complaint.

219.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 219.

220.    Defendant denies the allegations contained in Paragraph 220 of the Complaint.

221.    Defendant admits that a technician conducted meter testing on or about April 5, 2019.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 221 of the Complaint.

222.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 222 of the Complaint.

223.     Defendant admits that Ms. Krainin's usage in January 2018 was 1,136 kWh and in January 2017 was 769 kWh.  Defendant denies the remaining allegations contained in Paragraph 223 of the Complaint.

224.     Defendant admits that Ms. Krainin's usage in March 2018 was 1,057 kWh and in March 2017 was 769 kWh.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 224 of the Complaint.

225.     Defendant admits that Ms. Krainin's usage in April 2018 was 1,097 kWh and in April 2017 was 735 kWh.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 225 of the Complaint.

226.     Defendant admits that Ms. Krainin's usage in September 2018 was 1,782 kWh and in September 2017 was 1,129 kWh.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 226 of the Complaint.

227.     Defendant admits that Ms. Krainin's usage in October 2018 was 1,475 kWh and in October 2017 was 731 kWh.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 227 of the Complaint.

228.     Defendant admits that Ms. Krainin's usage in November 2018 was 1,943 kWh and in November 2017 was 964 kWh.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 228 of the Complaint.

229.     Defendant admits that Ms. Krainin's usage in December 2018 was 1,810 kWh.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 229 of the Complaint.

230.     Defendant denies the allegations contained in Paragraph 230 of the Complaint.

231.     Defendant admits that the phone call to CMP occurred on March 14, 2019. Defendant denies the allegations contained in Paragraph 231 of the Complaint to the extent inconsistent with the recording of that call. Defendant denies the remaining allegations contained in Paragraph 231 of the Complaint.

232.     Defendant admits that the daily usage amounts in kWh for the dates alleged in Paragraph 232 are accurately stated.  Defendant denies the remaining allegations contained in Paragraph 232 of the Complaint.

233.     Defendant admits only that the document referenced in Paragraph 233 speaks for itself, and denies any allegations inconsistent therewith.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 233 of the Complaint.

234.     Defendant admits only that the recorded phone call referenced in Paragraph 234 speaks for itself, and denies any allegations inconsistent therewith.

235.     Defendant admits that Ms. Krainin's April 2019 CMP bill was for $34.82 plus a late fee of $2.10.  Defendant denies the remaining allegations contained in Paragraph 235 of the Complaint.

236.     Defendant denies the allegations contained in Paragraph 236 of the Complaint.

237.     Defendant admits that on or about May 13, 2019, Ms. Krainin had a conversation with a representative of CMP.  Defendant denies the allegations contained in Paragraph 237 of the Complaint to the extent inconsistent with the recording of the phone call.

238.     Defendant admits only that the recorded phone call referenced in Paragraph 238 speaks for itself, and denies any allegations inconsistent therewith.

239.     Defendant denies the allegations contained in Paragraph 239 of the Complaint.

240.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 240 of the Complaint.

241.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 241 of the Complaint.

242.     Defendant admits that for 2017 the average monthly amount of Plaintiff Trussell's bills was $155.81.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 242 of the Complaint.

243.     Defendant admits that in 2018 Ms. Trussell enrolled in CMP's auto-pay and opted to no longer receive paper bills.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 243 of the Complaint.

244.     Defendant admits that in or about September 2018, Plaintiff Trussell paid $193.83 to CMP and that this amount was approximately 24% higher than the amount of Plaintiff Trussell's total bill in September 2017.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 244 of the Complaint.

245.     Defendant admits that in or about October 2018, Plaintiff Trussell paid $267.95 to CMP and that this amount was approximately 42% higher than the amount of Plaintiff Trussell's total bill in October 2017.  Defendant lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph 245 of the Complaint.

246.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 246 of the Complaint.

247.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 247 of the Complaint.

248.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 248 of the Complaint.

249.     Defendant admits that Ms. Trussell's December 2018 CMP bill was for $640.02. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 249 of the Complaint.

250.     Defendant admits the allegations contained in Paragraph 250.

251.     Defendant admits that it sent a letter signed by Mr. Herling to Ms. Krainin. Defendant denies the allegations contained in Paragraph 251 of the Complaint to the extent inconsistent with the letter.

252.     Defendant admits that Ms. Trussell's January 2019 CMP bill was for $1,484.98. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 252 of the Complaint.

253.     Defendant admits that on or about February 1, 2019, Ms. Trussell called CMP. Defendant denies the characterization of that call to the extent inconsistent with the recording of it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 253 of the Complaint.

254.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 254 of the Complaint.

255.     Defendant denies the allegations contained in Paragraph 255 of the Complaint.

256.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 256 of the Complaint.

257.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 257 of the Complaint.

258.     Defendant denies the allegations contained in Paragraph 258 of the Complaint.

259.     Defendant admits that Ms. Trussell's February 2019 CMP bill was for $562.20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 259 of the Complaint.

260.     Defendant admits that allegations contained in Paragraph 26 of the Complaint.

261.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 261 of the Complaint.

262.     Defendant admits that, due to an employee error in cancelling Plaintiff Trussell's Auto-Pay, money was erroneously withdrawn from her account in March 2019.  Defendant denies the remaining allegations contained in Paragraph 262 of the Complaint.

263.     Defendant admits that Ms. Trussell's March 2019 CMP bill was for $42.27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 263 of the Complaint.

264.     Defendant admits that Ms. Trussell's March 2019 CMP bill showed that a payment of $2,047.18 had been made.  Defendant denies the remaining allegations contained in Paragraph 264 of the Complaint

265.     Defendant admits that, due to an employee error in cancelling Plaintiff Trussell's Auto-Pay, money was erroneously withdrawn from her account in March 2019.  Defendant denies the remaining allegations contained in Paragraph 265 of the Complaint.

266.     Defendant admits that CMP has not refunded the $2,047.18 payment to Ms. Trussell.  Defendant denies the remaining allegations contained in Paragraph 266 of the Complaint.

267.     Defendant admits that Plaintiff Trussell spoke with CMP about the Auto-Pay error.  Defendant denies the remaining allegations contained in Paragraph 267 of the Complaint.

268.     Defendant admits that Plaintiff Trussell's metered usage for parts of November and December 2018 was 2,787 kWh, that her metered usage for parts of January and February 2019 was 2,448 kWh, and that these amounts were less than her metered usage from prior months of the same winter.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 268 of the Complaint.

269.     Defendant denies the allegations contained in Paragraph 269 of the Complaint.

## **CLASS ACTION ALLEGATIONS**

270.     Defendant admits that Plaintiff purport to bring this action pursuant to Fed. R. Civ. P. 23.  Defendant denies that certification of any class is proper, and Defendant denies all remaining allegations contained in Paragraph 270 of the Complaint.

271.     Defendant admits that Plaintiffs purport to reserve certain rights and exclude certain groups from their proposed class.  Defendant denies that certification of any class is proper, and Defendant denies all remaining allegations contained in Paragraph 271 of the Complaint.

272.     Defendant denies the allegations contained in Paragraph 272 of the Complaint.

273.     Defendant denies the allegations contained in Paragraph 273 of the Complaint, including all sub-parts.

274.     Defendant denies the allegations contained in Paragraph 274 of the Complaint.

275.     Defendant denies the allegations contained in Paragraph 277 of the Complaint.

276.     Defendant denies the allegations contained in Paragraph 276 of the Complaint.

277.     Defendant denies the allegations contained in Paragraph 277 of the Complaint.

278.     Defendant denies the allegations contained in Paragraph 278 of the Complaint.

279.     Defendant denies the allegations contained in Paragraph 279 of the Complaint.

## CAUSES OF ACTION
## COUNT I
## UNJUST ENRICHMENT

280-285.  The Court has dismissed Plaintiffs' Count I, and thus Defendant need not respond to the allegations contained in Paragraphs 280-285.

## COUNT II
## BREACH OF CONTRACT

286.     Defendant incorporates by reference their responses to the preceding Paragraphs 1 through 285 as if fully set forth herein.

287.     CMP admits that it provides customers with transmission and distribution of electricity pursuant to terms and conditions approved by the Public Utilities Commission. Defendant denies the remaining allegations contained in Paragraph 287.

288.     Defendant admits that it is required to accurately measure electrical usage and accurately bill customers for transmission and delivery services based on their usage, subject to the various provisions of Chapter 815, ANSI meter accuracy standards, and any other applicable

laws, regulations, or standards.  Defendant denies the remaining allegations contained in Paragraph 288.

289.     Defendant denies the allegations contained in Paragraph 289 of the Complaint.

290.     Defendant denies the allegations contained in Paragraph 290 of the Complaint.

291.     Defendant denies the allegations contained in Paragraph 291 of the Complaint.

## COUNT III
## PRIVATE CAUSE OF ACTION
### 35-A M.R.S. Section 1501: Liability for Civil Damages

292-298.  The Court has dismissed Plaintiffs' Count III, and thus Defendant need not respond to the allegations contained in Paragraphs 292-298.

## COUNT IV
## FRAUD AND INTENTIONAL MISREPRESENTATION: CORPORATE DEFENDANTS

299.     Defendant incorporates by reference their responses to the preceding Paragraphs 1 through 298 as if fully set forth herein.

300.     Defendant denies the allegations contained in Paragraph 300 of the Complaint.

301.     Defendant denies the allegations contained in Paragraph 301 of the Complaint.

302.     Defendant denies the allegations contained in Paragraph 302 of the Complaint.

303.     Defendant denies the allegations contained in Paragraph 303 of the Complaint.

304.     Defendant denies the allegations contained in Paragraph 304 of the Complaint.

305.     Defendant denies the allegations contained in Paragraph 305 of the Complaint.

306.     Defendant denies the allegations contained in Paragraph 306 of the Complaint.

307.     Defendant denies the allegations contained in Paragraph 307 of the Complaint.

308.     Defendant denies the allegations contained in Paragraph 308 of the Complaint.

309.     Defendant denies the allegations contained in Paragraph 309 of the Complaint.

310.     Defendant denies the allegations contained in Paragraph 310 of the Complaint.

311.     Defendant denies the allegations contained in Paragraph 311 of the Complaint.

312.     Defendant denies the allegations contained in Paragraph 312 of the Complaint.

313.     Defendant denies the allegations contained in Paragraph 313 of the Complaint.

314.     Defendant denies the allegations contained in Paragraph 314 of the Complaint.

315.     Defendant denies the allegations contained in Paragraph 315 of the Complaint.

316.     Defendant denies the allegations contained in Paragraph 316 of the Complaint.

317.     Defendant denies the allegations contained in Paragraph 317 of the Complaint.

318.     Defendant denies the allegations contained in Paragraph 318 of the Complaint.

319.     Defendant denies the allegations contained in Paragraph 319 of the Complaint.

320.     Defendant denies the allegations contained in Paragraph 320 of the Complaint.

321.     Defendant denies the allegations contained in Paragraph 321 of the Complaint.

322.     Defendant denies the allegations contained in Paragraph 322 of the Complaint.

323.     Defendant denies the allegations contained in Paragraph 323 of the Complaint.

324.     Defendant denies the allegations contained in Paragraph 324 of the Complaint.

325.     Defendant denies the allegations contained in Paragraph 325 of the Complaint.

326.     Defendant denies the allegations contained in Paragraph 326 of the Complaint.

327.     Defendant denies the allegations contained in Paragraph 327 of the Complaint.

328.     Defendant denies the allegations contained in Paragraph 328 of the Complaint.

329.     Defendant admits that Plaintiffs purport to seek punitive damages.  Defendant denies that any such damages are proper.

**COUNT V**
**FRAUD AND INTENTIONAL MISREPRESENTATION:**
**DOUGLAS HERLING**

330-363.  Count V is not asserted against Defendant and thus no response to the

allegations contained in Paragraphs 330-363 is required.

**COUNT VI**
**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO")**

364-405.  The Court has dismissed Plaintiffs' Count VI, and thus Defendant need not

respond to the allegation contained in Paragraphs 364-405.

**ADDITIONAL DEFENSES**

1.      The Complaint, in whole or in part, fails to state a claim on which relief can be

granted.

2.      The claims of Plaintiffs and of putative class members are barred, in whole or in

part, because Plaintiffs have failed to exhaust the remedies available to them through the PUC.

3.      The claims of Plaintiffs and putative class members are barred because the PUC

has primary jurisdiction.

4.      The claims of Plaintiffs and putative class members are barred because they have

not suffered cognizable injury.

5.      Plaintiffs' alleged injuries were not caused by Defendant's acts or omissions.

6.      Plaintiffs' claims are barred because any representations made by Defendant

were true and accurate at the time made, and otherwise were made in good faith and with a

reasonable belief as to their validity and accuracy.

7.      Plaintiffs and putative class members have failed to mitigate their damages.

8.      Any request by Plaintiffs and putative class members for an award of punitive

30

damages should be denied because Defendant's conduct was not willful, knowing, motivated by actual malice, or so outrageous that malice can be implied.

9.      Plaintiffs' claims are subject to the doctrines of setoff and/or recoupment as a result of their unpaid bills.

10.     Plaintiffs fail to satisfy the prerequisites for maintenance of a class action under Rule 23 of the Federal Rules of Civil Procedure and applicable case law, and all class allegations should be stricken and all claims by or on behalf of a putative class should be dismissed.

11.     The claims of Plaintiffs and putative class members are barred because Plaintiffs and putative class members cannot demonstrate actual reliance premised on any act or omission of Defendant.

12.     Defendant reserves and does not waive any additional or further defenses as may be revealed by discovery.

WHEREFORE, Defendant demands judgment in its favor dismissing Plaintiffs' Complaint and awarding Defendant its costs, together with such other relief as this Court deems just and appropriate.

Dated at Portland, Maine, this 27th day of August 2021.

/s/ Gavin G. McCarthy_____
Gavin G. McCarthy
Katherine S. Kayatta
Matthew Altieri
Pierce Atwood LLP
Merrill's Wharf
254 Commercial Street
Portland, ME  04101
Tel:  207-791-1100
gmccarthy@pierceatwood.com
kkayatta@pierceatwood.com
maltieri@pierceatwood.com

Kenneth Farber
Senior Counsel, Avangrid Service Company
On behalf of Central Maine Power Company
One City Center, 5th Floor
Portland, Maine 04101
Tel. 207 838-3932
kenneth.farber@avangrid.com

*Attorneys for Defendants Central Maine*
*Power and Avangrid, Inc.*

## CERTIFICATE OF SERVICE

I certify that on August 27, 2021, I electronically filed the foregoing document using the

CM/ECF system which will send the notification of such filing to counsel of record.

/s/ Gavin G. McCarthy_____
Gavin G. McCarthy
Katherine S. Kayatta
Matthew Altieri
Pierce Atwood LLP
Merrill's Wharf
254 Commercial Street
Portland, ME  04101
Tel:  207-791-1100
gmccarthy@pierceatwood.com
kkayatta@pierceatwood.com
maltieri@pierceatwood.com

Kenneth Farber
Senior Counsel, Avangrid Service Company
On behalf of Central Maine Power Company
One City Center, 5th Floor
Portland, Maine 04101
Tel. 207 838-3932
kenneth.farber@avangrid.com

*Attorneys for Central Maine Power and*
*Avangrid, Inc.*